IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID R. BROWN,

       Petitioner,

  v.             CASE NO. 09-3248-SAC

RAY ROBERTS, et al.,

       Respondents.

## MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as time barred.[1]

**Background**

Petitioner was convicted in June 1997 on charges of aggravated robbery and kidnapping.[2] Brown filed a timely notice of appeal, which his attorney never docketed.

*First § 2254 Petition*

---

[1] The court notes petitioner's objections to the extensions of time granted respondents in this matter, and denies both petitioner's request to reverse the latest extension granted on October 20, 2010, and petitioner's related request for default judgment. Likewise, petitioner's motion for summary judgment (Doc. 14), in which petitioner essentially continues to argue for default judgment based upon respondents' failure thus far to address petitioner's claims, is denied.

[2] *State v. Brown*, Sedgwick County District Court, Case No. 96-CR-1729.

In 2005, Brown filed a petition for federal habeas corpus relief, alleging error in his 1997 conviction.[3] The court dismissed the petition as time barred. The Tenth Circuit agreed the petition should have been dismissed, but not as time barred. Instead, the circuit court remanded for dismissal of the petition without prejudice because petitioner might still be able to pursue his direct appeal which was potentially "alive" because no formal order had been entered dismissing petitioner's appeal.[4]

Thereafter, Brown moved to docket his state court appeal out of time. In Appeal No. 98458, the Kansas Court of Appeals denied the motion, and the Kansas Supreme Court denied further review.[5]

*Second § 2254 Petition*

Brown then filed his next § 2254 application,[6] which the court again dismissed without prejudice to allow petitioner to pursue the slim possibility identified by respondents under *State v. Ortiz*, 230 Kan. 733 (1982), for still allowing petitioner to proceed in his

---

[3]*Brown v. Roberts*, D.Kan. Case No. 05-3160-SAC.

[4]*Brown v. Roberts*, 177 Fed.Appx. 774, 777-78 (10th Cir. 2006)(noting that under Kansas law at the time petitioner filed his notice of appeal, and with no formal district court order dismissing the appeal, petitioner's direct appeal appeared to have fallen into an "appellate limbo" such that he might yet be permitted to docket his appeal out of time).

[5]*State v. Brown*, Appeal No. 98458, motion to docket appeal out of time (April 12, 2007), denied (Kan.App., May 1, 2007), *review denied* (June 21, 2007).

[6]*Brown v. Roberts*, D.Kan. Case No. 07-3277-SAC, *dismissed* (February 12, 2009).

direct appeal.[7] The court advised petitioner that if the Kansas courts did not reinstate the direct appeal, then petitioner's further attempts to seek federal habeas corpus review under § 2254 would be subject to the one year limitation period in 28 U.S.C. § 2244(d)(1). The Tenth Circuit denied petitioner a certificate of appealability, finding dismissal without prejudice was not reasonably debatable where the remedy under *Ortiz* remained available to petitioner.[8]

Thereafter, petitioner submitted a "motion for exception" to the Kansas Court of Appeals for filing in Appeal No. 98458, attempting to invoke *Ortiz* to reinstate his request for an out-of-time direct appeal from his 1997 conviction. The Kansas appellate clerk's office returned the motion with a letter stating nothing further could be filed in that closed appeal. Petitioner identifies no further action taken in the state district or appellate courts regarding his direct appeal.

*Third § 2254 Petition*

Instead, petitioner filed the present action, essentially claiming that he has now exhausted his remedies in the state courts, and that he is entitled to federal habeas review of his claims on

---

[7]In *Ortiz*, the Kansas Supreme Court noted the general rule that untimely appeals must be dismissed, but recognized three limited exceptions, including defense counsel's failure to perfect an appeal in the state appellate court. *Ortiz*, 230 Kan. at 735-36.

[8]*Brown v. Roberts*, Appeal No. 09-3070 dismissed (10th Cir., July 2, 2009).

3

the merits.

**Motion to Dismiss as Time Barred**

A one year limitation period applies to the filing of a habeas corpus application by a person in custody on a state court judgment being challenged for constitutional error. 28 U.S.C. § 2244(d)(1). Relevant to petitioner's attempts to seek habeas relief under § 2254, this limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The running of the § 2244(d)(1) limitation period is subject to statutory tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending). It also can be equitably tolled if a petitioner demonstrates that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194 (2001).

**Discussion**

Respondents maintain the petition should be dismissed as time barred because petitioner was unable to reinstate his direct appeal, and because no statutory or equitable tolling excuses petitioner's

failure to seek timely federal habeas corpus relief from when his 1997 convictions became final. The court basically agrees, and finds petitioner's filings in the state court allow for a possible alternative rationale for dismissing the petition as time barred.

*Petitioner Claims State Court Remedies Are Now Exhausted*

The Supreme Court has instructed that *if* a state court enters an order allowing an appellant to file out-of-time direct appeal, that resets the date a conviction becomes "final" for purposes of 28 U.S.C. § 2244(d)(1)(A). See *Jimenez v. Quarterman*, 129 S.Ct. 681 (2009)(state court order *granting* out-of-time appeal rendered the conviction nonfinal for purposes of § 2244(d)(1)(A) while the reopened appeal remained pending). See also *Orange v. Calbone*, 318 F.3d 1167 (10th Cir.2003)(where "appeal out of time" procedure was part of direct appeal process under state law, then *grant* of out of time appeal was part of "direct review" process for determining finality date within meaning of 28 U.S.C. § 2244(d)(1)(A)). The mere "possibility that a state court may reopen direct review" does not render a state conviction and sentence nonfinal for purposes of § 2244(d)(1)(A). *Jimenez,* 129 S.Ct. at 686 n.4 (quotation marks and citation omitted). "[W]here a state court *has in fact reopened direct review*, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A)." *Id.* (emphasis added).

In petitioner's case, the Kansas appellate court clerk's rejection of petitioner's latest attempt to reinstate his direct appeal did not render his 1997 conviction "final" for purposes of §

5

2244(d)(1)(A) under the narrow holding in *Jimenez* because no state court order granting petitioner leave to pursue his direct appeal out of time resulted.

Federal court orders have identified the legal status of petitioner's direct appeal in the state courts as being in an "appellate limbo" under Kansas law, and have twice advised petitioner that reinstatement of his direct appeal is the only avenue available for pursuing federal habeas corpus review in a timely manner. Petitioner's lack of success in the state courts arguably establishes that reinstatement of his direct appeal under *Ortiz* is now foreclosed, which essentially leaves him with no remedies to pursue regarding his direct appeal in the state courts. Although petitioner may be correct in contending that he has now exhausted state court remedies, he is still unable to establish that he filed the present § 2254 application within one year from the date his 1997 conviction became "final" for purposes of § 2244(d)(1)(A).

*State Record Suggests Resolution of Direct Appeal*

Alternatively, a closer examination of petitioner's filings in the state appellate court's records suggests an even more complicated scenario to petitioner's exhaustion of state court remedies, which nonetheless would warrant dismissal of this action as time barred.

In Kansas Appeal No. 96774 filed by petitioner in June 2006, the Kansas Court of Appeals references in part petitioner's May 6,

6

2004, motion to correct an illegal sentence in Sedgwick County Case No. 96-CR-1729. *See State v. Brown*, 182 P.3d 40, 2008 WL 1946822, *2 (Kan.App., May 2, 2008)(unpublished). The state district court treated this motion over petitioner's objection as a motion for collateral review under K.S.A. 60-1507 and denied relief. *Id*. The Kansas Court of Appeals chose to independently review petitioner's claims and affirmed the district court's judgment, deeming that petitioner had waived or abandoned his claims, and that petitioner was entitled to no relief even if the appellate court were to reach the merits of those claims. *Id*. The Kansas Supreme Court denied review on July 2, 2008.

If the court were to take judicial notice of the appellate briefs filed in that matter in July and October 2007,[9] they indicate the district court *granted* Brown leave to appeal out of time in Sedgwick County Case No. 96-CR-1729 pursuant to *Ortiz*, and note petitioner's failure to successfully docket that appeal (Kansas Appeal No. 98458). See Kansas Appeal No. 96774, Appellant's brief p. 3, and Appellee's brief, p. 3.

Applying the best possible construction to this information in light of the federal statutes governing the limitation period for petitioner seeking habeas review under § 2254, one could argue the "appellate limbo" of petitioner's direct appeal from his 1997

---

[9] *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir.2007)(citing cases in support of exercising discretion to take judicial notice of state court records).

7

conviction was in fact resolved when the state district court granted petitioner leave to pursue an out of time appeal, and thus petitioner's direct appeal became final in June 2007 when the Kansas Court of Appeals denied petitioner leave to docket that appeal out of time and the Kansas Supreme Court denied further review.[10]

Because petitioner's collateral 1507 action was already pending in the state courts at that time, petitioner would have been entitled to immediate tolling of the limitation period pursuant to § 2244(d)(2) until that collateral proceeding was resolved against him on July 2, 2008. Even under this best case scenario, however, the instant habeas action, filed more than one year later in November 2009, would still be time barred.[11]

## Conclusion

Accordingly, under the unique, protracted, and far from clear circumstances presented in this matter, the court concludes dismissal of the petition as time barred is appropriate.

---

[10]Petitioner filed his second § 2254 petition (D.Kan. Case 07-3227) in this court some two months later in August 2007. The record in that action does not reference any district court background to petitioner's attempt to docket his direct appeal (Kansas Appeal 98458) out of time. This court's decision to dismiss without prejudice the § 2254 petition in Case 07-3227 to allow further exhaustion of state court remedies did not have the benefit of the additional information now gleaned from petitioner's appellate briefs in Kansas Appeal 96774.

[11]Petitioner's second § 2254 petition pending in the federal court at that time through the Tenth Circuit's dismissal of petitioner's appeal on July 2, 2009, would not have tolled the running of the § 2244(d)(1) limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)(no tolling under § 2244(d)(2) for habeas petition pending in federal court).

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition as time barred (Doc. 21) is granted, and petitioner's motion for summary judgment (Doc. 23) is denied.

**IT IS SO ORDERED.**

DATED:   This 15th day of March 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge